[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 43 (d.o.b. 7/7/59), and the defendant wife, 43 (d.o.b. 1/7/60), whose birth name is Cesarelli, married on June 19, 1982 in Stamford, Connecticut. The court has jurisdiction based on the plaintiff's continuance residence in this state for over a year immediately preceding the filing of this complaint seeking a dissolution of said marriage and other relief. There are two children born to the defendant, Peter J. born February 25, 1993 and Nina born June 30, 1997, both issue of the marriage. At the commencement of the trial the parties stipulated in open court to joint legal custody, principal physical residence of the children with their mother and reasonable visitation by their father. The parties also requested an educational support order enter pursuant to P.A. 02-128 requiring each parent to provide 50% of the support for each child to attend an institution of higher education or a private occupational school for the purpose of obtaining a bachelor's or other undergraduate degree, subject to the various limits set forth in said act. The court will include the cost of books and medical insurance for each such student and direct that payments shall be made directly to the institution or school if the parties fail to make other arrangements. Both parties enjoy good health.
The plaintiff graduated from Boston College in 1981 with a degree in accounting and computer science. He was employed by Dun Bradstreet until June 1986 during which time he traveled extensively, sometimes for three months in Europe. He earned about $36,000 annually. He was then hired by Coopers Lybrand for its Stamford office as an auditor. While there he passed the C.P.A. exam. In 1988 he left to join NYNEX in New York City. He received an M.B.A. at Columbia U. underwritten by NYNEX. He remained there until 1994 when he joined Empire Blue Cross Blue Shield in New York City, advancing to Assistant Vice President. He then spent one year with WinStar Communications. He has been with Parson Group, LLC, Stamford, Ct. since 1999 as a consultant (Plaintiff's Exhibit #1). His current gross monthly income is $10,167 and his financial affidavit lists deductions totaling $3,046 as follows: CT Page 1446
Federal tax $1,567
State tax $ 450
FICA $ 613
Medicare $ 143
Health insurance $ 230
Dental insurance $ 43
The plaintiff's earnings were deposited to their checking account throughout the marriage and the defendant managed the family's finances.
The defendant was employed until a week before their first child was born and did not return to outside employment until after this action was commenced, working first as a substitute teacher. On August 27, 2002 she was hired by Sacred Heart Academy of Stamford as a teacher with an annual salary of $32,000 paid over ten months from September through June. On a monthly basis her gross is $2,666.67, her deductions listed on her financial affidavit total $509.60 as follows:
Federal Tax $145.32
Social Security $156.72
Medicare $ 36.65
Ct. Tax $ 32.05
Health Insurance 138.86
Her mother comes to defendant's home each schoolday to allow her to leave for school at 7 a.m. and the children are with their grandmother until picked up by the school bus. The plaintiff is able to arrive home in the afternoon in time to meet the school bus.
The parties purchased as their first home a one-bedroom condominium unit in Bridgeport for $62,000. The defendant provided the $6,000 down payment from her savings. In October 1986 the condo unit was sold and replaced by a home in New Canaan bought for $283,500 which they sold in October 1996 for $332,000 when they purchased their present marital home at 75 Sheridan Drive, New Canaan for $532,000 subject to a first mortgage CT Page 1447 of $420,000. The equity line of credit was put on sometime after the purchase of the home.
The parties agree that its current fair market value if $725,000 subject to a first mortgage balance of $405,589 and a home equity second mortgage balance of $210,025.
The marriage had some difficulties early on due to their sexual incompatibility as evidenced by the infrequency of coitus. The defendant sought marriage counseling in 1984 or 1985. Some sessions were attended by both and some by the defendant alone. During its course the defendant found some photos of a woman that the plaintiff met while traveling. (Defendant's Exhibit M.) The plaintiff never admitted any act of infidelity. The court does not find this incident of finding photos a cause of the eventual marriage breakdown. The plaintiff complained of the defendant's consumption of alcoholic beverage, particularly wine. The defendant acknowledged having one or two glasses of wine with dinner. The court does not find wine with dinner a cause of the marriage breakdown. They did have arguments three or four times a year concerning the plaintiff's expenditures on major items. The plaintiff explained that $30,000 was spent on dining room and living room furniture in 2001. They purchased a 2001 Ford Focus sedan and a Ford Focus wagon at a total cost of $32,000. $6,000 was spent on exterior painting in the same year. The plaintiff purchased a motorcycle in June 1999 and a drum set for $2,800 which he charged to his credit card.
The major cause of the breakdown was the initiation of an interest by the plaintiff in Margie Passman, someone whom he had known years earlier but who now lives in Seal Beach, California. The first e-mail was on May 16, 2001 and a romantic relationship developed over the ensuing summer and fall. He vacationed with her in Mexico, buying $3,000 of scuba equipment. He spent Thanksgiving with her. He had consulted an attorney in September. The initial separation occurred in November when the plaintiff moved out and it was final in January 2002. Although the plaintiff asserted that he remained in the marriage for several years for the sake of the children, the court has concluded that the marriage had not broken down irretrievably until the plaintiff's affair de coeur began.
The plaintiff lists liabilities of $57,263 including attorneys fees of $5,300. The defendant lists liabilities of $16,436 none of which appear to overlap the plaintiff's list. The plaintiff has no liquid assets except a 50% interest in a tax refund of $6840 being held in escrow. Their autos are jointly owned. The defendant has no liquid assets except $400 on deposit at Fleet Bank and half of the said tax refund. The CT Page 1448 plaintiff has an IRA of little value, a 401k account of $6,124 and a Verizon pension payable at $544 monthly at age 65 but no present value is in the record. The plaintiff has $1,500,000 life policy written by Reassurance Commercial Life naming his wife and children as beneficiaries and medical coverage with Blue Cross for the family. The defendant lists no life or medical insurance.
The defendant seeks ownership of the marital home in order to keep the children in their current schools. The plaintiff seeks an order directing an immediate sale. The plaintiff has a much greater earning capacity than does the defendant and will also have the greater ability in the future to acquire assets. Therefore, the court has concluded that the equitable considerations mentioned persuade the court to award sole ownership of the marital home to the defendant "as is" and to require the defendant to assume and be solely responsible for the first and second mortgages on said premises and to hold the plaintiff harmless and indemnified.
The defendant filed a motion (120) on September 5, 2002 alleging that the plaintiff was in contempt due to his failure to make an alimony and child support payment due August 30, 2002. When it came on for hearing on December 2, 2002 the parties stipulated that it be heard at time of trial. However, on October 9, 2002 the defendant obtained a wage withholding order. The plaintiff filed an appeal on October 21, 2002 with the court (124) but never was able to obtain a hearing. The wage withholding order remained in effect. The said motion is now found to be moot and it is denied. Said wage withholding order is vacated and shall be withdrawn immediately.
Having reviewed the evidence in light of the relevant case law and relevant statutes the court renders judgment dissolving the marriage on the ground of irretrievable breakdown. Each party is declared to be unmarried. As part of the judgment the court enters the following orders.
1. Joint legal custody is awarded with principal physical residence of both children with their mother and reasonable visitation awarded their father including overnight visits on alternating weekends. The parents shall alternate legal holidays except Christmas vacation and be split with the division occurring at 1 pm on said holiday. The father shall have two weeks summer vacation time with the children and shall notify the mother at least 60 days in advance of the proposed two weeks. Any impasse is to be referred to Family Services for mediation.
2. The plaintiff shall pay to the defendant $347 weekly as child support. The court adopts the child support guideline worksheet submitted CT Page 1449 by the plaintiff. No deviation from the recommended order is requested. A contingent wage withholding order is entered. A copy of the said worksheet is attached hereto for reference.1*
3. An educational support order is entered pursuant to P.A. 02-128
requiring each parent to provide 50% of the support for each child to attend an institution of higher education or a private occupational school for the purpose of obtaining a bachelor's or other undergraduate degree, subject to the various limits set forth in said act but including cost of books and medical insurance for each student. Payments shall be made directly to the institution or school if the parties fail to make other arrangements.
4. The plaintiff shall pay to the defendant $500 weekly as periodic alimony until the death of either party, the remarriage of the defendant, cohabitation by the defendant as defined by our statute and case law, modifiable both as to term and amount. A contingent wage withholding order is entered.
5. The plaintiff shall continue to provide medical insurance for the children for so long as he is responsible for child support or for medical insurance provided by the educational order supra. Unreimbursed medical expenses shall be paid as allocated by the child support guidelines worksheet.
6. The defendant is awarded sole ownership of the marital home known as 75 Sheridan Drive, New Canaan, CT together with its contents and in its present condition. The defendant shall assume sole responsibility for the first mortgage and second mortgage and shall hold the plaintiff harmless and indemnified. If the plaintiff does not tender a properly executed quitclaim deed in 30 days then the transfer shall be completed via the applicable statute.
7. The plaintiff shall retain his Verizon pension, his motorcycle, his 401k account, the Ford focus auto he normally drives, and the contents of his present residence.
8. The defendant shall retain her IRA account, the Ford Focus she normally drives, and the entire tax refund escrow of $6840.
9. The plaintiff shall be solely responsible for the Citibank Visa and Citibank MasterCard and shall hold the defendant harmless and indemnified.
10. The defendant shall be solely responsible for the Fleet credit card CT Page 1450 and the Breuners furniture bill balance and shall hold the plaintiff harmless and indemnified.
11. Each party shall be solely liable for all other liabilities in their respective sole names including attorneys fees and each shall hold the other harmless and indemnified.
The plaintiff shall name the defendant primary beneficiary of $250,000 of his life insurance for so long as he is obligated to pay alimony to her and he shall name the children as primary beneficiaries of $250,000 of his life insurance for so long as he is liable for child support and educational support. He shall provide proof of timely payment of premium to the defendant and shall have the insurance company notify her of any failure to pay or otherwise maintain the beneficiaries as herein ordered.
SO ORDERED.
HARRIGAN, J.T.R.